The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion on several questions involving cities of the second class. The questions are restated and answered in the order presented.
1. Does the Mayor of a second-class city have the authority to hire and fire the Water Superintendent, Street Superintendent and the City Attorney?
A.C.A. 14-42-110 is dispositive of your inquiry with respect to the Water Superintendent and the Street Superintendent. This provision states as follows:
 (a) Unless otherwise provided by state law, mayors in cities of the first class and second class and incorporated towns shall have the authority to appoint and remove all department heads, including city and town marshalls when an ordinance has been passed making city and town marshalls appointed, unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action.
 (b) The provisions of this section shall not be applicable to cities having a city manager form of government.
It may thus be concluded that, with the exception of cities having a city manager form of government, the mayor's powers of appointment in a second-class city extend to appointing and removing the Water Superintendent and the Street Superintendent. The city council may, however, override the appointment by a two-thirds (2/3) vote. A.C.A. 14-47-101, et seq. should be consulted with respect to cities operating under a city manager form of government.
A.C.A. 14-42-112 and 14-42-109 must be considered in response to your question concerning the mayor's authority to hire and fire the city attorney. A.C.A. 14-42-112 states in pertinent part as follows under subsection (a)(2)(B):
 All municipal attorneys elected under the provisions of this section (applicable to cities of the second class and incorporated towns) shall be regularly licensed attorneys of this state. When no attorney resides within the limits of the city or town or when no resident attorney has been elected as municipal attorney, the mayor and city or town council may appoint any regularly licensed attorney of this state to serve as the municipal attorney. (Emphasis added).
Section 14-42-112(a)(2)(B) is clear in stating that the mayor and the city council may appoint a municipal attorney under the specified circumstances. The mayor would not appear to have separate authority in this regard.
A.C.A. 14-42-109 governs the removal of elective or appointed officers and states as follows with respect to the removal of appointive officers:
 (a)(2) The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council.
Section 14-42-109 will apply to the removal of a city attorney appointed under 14-42-112.
2. Does the Mayor of a second-class city have the authority to remove existing commissioners or committee members appointed by the former mayor and make new appointments of his own choosing?
Assuming that the city is not operating under a city manager form of government, A.C.A. 14-42-110 would appear to authorize the mayor's removal of the head of a committee or department who was appointed by the former mayor. However, any state law applicable to the particular position involved will control, in accordance with 14-42-110(a). (See, e.g. A.C.A. 14-42-302).
3a. What procedures are required by law for the City Clerk to follow concerning the minutes of City Council meetings? Should the minutes be kept on file at the city hall or can they be kept at the City Clerk's home?
It has been stated that orderly procedure requires some rules for the proper dispatch of business in the conduct of a city governing body. 62 C.J.S. Municipal Corporations 400(a) (1949). The municipality may adopt its own rules when they are not prescribed by statute. In the absence of statutory rules, the general parliamentary law prevails. Id.
In response to the first part of your third question, we find no statutory authority governing city council meetings. A.C.A.14-44-109 states that the city recorder ". . . shall have such powers and perform such duties as are prescribed in this subtitle, or as may be prescribed by any ordinance of the city, consistent with the provisions of this subtitle." Any applicable ordinance(s) must therefore be initially consulted in this regard. As stated above, in the absence of state or local authority, general parliamentary law will govern. The clerk should, in that instance, reference a guide such as Robert's Rules of Order for assistance. It should be noted that while the same exactness is not required as with courts of record, the minutes should be kept in legible form and should by fair and natural construction have reasonable certainty of meaning. 62 C.J.S. Municipal Corporations 409(b) (1949).
It is reasonable to conclude that the minutes should be copied into the permanent records, and that these records should be maintained at the city hall and not at the clerk's home. The clerk acts in his or her official capacity in maintaining these records. The "reasonable access" requirement under the Arkansas Freedom of Information Act (see, A.C.A. 25-19-105) may be cited in support of the conclusion that these records should be available to the public in a public forum.
3b. What procedures must the Mayor and City Council follow concerning approving the minutes presented to them and what procedures should they follow if the minutes do not reflect an accurate report of the meeting?
A review of Robert's Rules of Order (1973 Ed.) indicates that the customary order of business includes a reading of the minutes of the previous meeting and their approval. Id. at p. 86. However, the reading may be dispensed with by a two-thirds vote. No motion is required for approving the minutes. The chairman states "if there is no objection, the minutes stand approved as read (or corrected)." Id. at p. 146.
The minutes may be corrected whenever an error is noticed regardless of the time that has elapsed. Id. at 167. Corrections prior to adoption of the minutes may be made in the same manner as previously noted with respect to adoption. Corrections prior to adoption must be made by majority vote if previous notice of the proposed amendment has been given; otherwise, a two-thirds vote is required. Id.
4. In your opinion, would there be a conflict of interest for a city council member who also serves as a fire department board member and/or a Chamber of Commerce member to vote on Council matters dealing with appropriating funds to those various entities?
I have enclosed a copy of Opinion Number 86-267, issued by this office on August 18, 1987, which offers some guidance to your final question. It was concluded in that opinion that no conflict will arise if the primary benefit of the council member's action flows to another with no direct pecuniary interest to the member. If the appropriation to these entities somehow gives rise to a direct pecuniary interest of the council member distinct from the public interest, a prohibited conflict of interest may result. While it may be concluded as a general matter that the mere service of the member on those boards will not form the basis for a conflict, the specific facts and circumstances of each situation must be considered.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
NOTE: A copy of Opinion 86-267 referred to above was not attached to this Opinion 88-110 for typing